UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-80108-CR-HURLEY

UNITED STATES OF AMERICA
   Plaintiff,

vs.

ALFONSO DIAZ CARDENAS,
   Defendant.
_____/

## ORDER DENYING DEFENDANT'S
## RENEWED MOTION FOR JUDGMENT OF ACQUITTAL

**THIS CAUSE** was tried before the court in a bench trial in which defendant was accused of violating the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250 (SORNA). The indictment alleged that the defendant is a sex offender who traveled in interstate commerce, gained employment in Florida and failed to register in Florida as required by the Act. The facts of the case were largely undisputed. The defense, however, relied on the contention that a prosecution under the statute was barred by the Constitution's *ex post facto* clause. This argument became the centerpiece of defendant's renewed motion for judgment of acquittal upon which the court reserved ruling.

Having now considered the parties' respective legal arguments and supplemental authorities, the court makes the following

### Findings of Fact

1. The defendant was convicted of unlawful sexual conduct with a minor in the State of

1

California on June 1, 1993. As part of his sentence, he was placed on probation for a term of sixty months.

2. On November 16, 1993, the defendant was informed of the sex offender registration requirement then existing under California law and signed a form entitled "Notice of Registration Requirement" which acknowledges: (1) his lifetime responsibility to register as a sex offender; (2) his responsibility to register with the appropriate law enforcement agency within 14 days of moving into "any city, county or city and county," and (3) his responsibility to notify the last law enforcement agency with which he registered within 10 days of any change of residence, all as as required under the California Penal Code. On this form, defendant lists "73-355 Guadalupe St, Palm Desert CA 92260" as the address where he expects to reside upon discharge, parole or release.

3. On November 25, 1997, defendant filed a "Registration Change of Address/Annual Update" form indicating a residential move to "47-748 Sunflower St. in Riverside, CA 92201. On November 23, 1998 defendant filed an annual update form indicating continued residence at the Riverside address. On November 29, 1999, defendant filed a registration change of address/annual update form indicating a new residential address of 79145 Cindy Court, Riverside California.

4. In early February 2007, defendant traveled in interstate commerce from California to Palm Beach County, Florida.

5. On March 13, 2007, defendant applied for and secured employment in Palm Beach, Florida.

6. Between February, 2007 and the date of defendant's arrest on May 9, 2007, he did not update his registration with California nor file a new sex offender registration with the State of

Florida.

Based upon the foregoing, the court reaches the following

### Conclusions of Law

The Adam Walsh Child Protection and Safety Act of 2006, signed into law on July 27, 2006, requires sex offenders to register in jurisdictions in which they reside and/or work. *See* 42 U.S.C. § 16918. Additionally, the Act created new federal crimes for individuals who failed to comply with the Act's requirements.

The evidence at trial established that the defendant (1) is a "sex offender" within the meaning of the statute, (2) traveled in interstate commerce after the effective date of the statute, (3) resided and worked in Florida, (4) did not notify the California authorities of his relocation to Florida, and (5) failed to register as a sex offender in Florida. Nonetheless, defendant contends he cannot be prosecuted because of the following provision in the Act:

> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section
>
> The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.

Defendant reads the foregoing provision to indicate that Congress delegated to the Attorney General, a cabinet officer in the executive branch of government, the power to decide who, among all of the sex offenders convicted before July 27, 2006, are subject to the statute's requirements. Thus, under the defendant's interpretation, no sex offender convicted prior to the statute's enactment was subject

3

to its requirements until the Attorney General issued an implementing regulation on February 28, 2007. Because the defendant traveled to Florida *after* the statute was enacted but *before* the regulation was promulgated, he claims to fall within a "gap period" and is therefore shielded from prosecution by the Constitution's *ex post facto* clause. U.S. Const., Art. I, §9, cl. 3.

Admittedly, some courts have found merit in this contention. *See, e.g., United States v Muzio,* 2007 WL 2159462 (E.D. Mo. July, 26, 2007). This court, however, is persuaded by the analysis set forth in *United States v. Elliott,* 2007 WL 4365599 (S.D. Fla. Dec. 13, 2007) and *United States v Beasley,* 2007 WL 3489999 (N.D. Gal. Oct. 10, 2007). The latter decisions, noting the explanatory heading above § 16913(d), conclude it is a narrow provision which authorizes the Attorney General to promulgate regulations for the limited number of sex offenders who were convicted prior to the statute's enactment but, for one reason or another, could not comply with the statute's requirements governing *initial* registration. In other words, these decisions hold that virtually all sex offenders were subject to the Act as of the date of its enactment. This conclusion is bolstered by the fact that on July 27, 2006 – SORNA's enactment date – it was well understood that nothing in the constitution prevented Congress from requiring all sex offenders to register. *See Smith v. Doe,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). Thus, Congress would have had no reason to exclude a large category of sex offenders from the statute's requirements. Indeed, it would have been counterproductive to do so. *Beasley's* and *Elliot's* construction of 16913(d) is consistent with Congress' intent to apply SORNA to all sex offenders convicted prior to the statute's enactment. Furthermore, this construction avoids the serious issue inherent in defendant's understanding of the statute, *i.e.,* whether the delegation to the Attorney General constitutes an

4

impermissible delegation of legislative power to an officer of the executive branch.

In the case at bar, defendant acknowledged his responsibility to register as a lifetime obligation under the California Penal Code in November, 1993, six months after he was convicted of a sex offense. He later filed a registration change of address form as required by California law when he moved from Palm City, California to Indio, California in November 1997, updated that registration in November 1998, and filed another registration change of address form in November 1999. Thus, defendant was able to initially register in California and, consequently, §16913(d) is simply irrelevant to him. He was able to comply with SORNA's initial registration requirements when he was convicted and released in California and, therefore, he does not fall into the limited category contemplated by § 16913(d). As applied to this defendant, SORNA raises no *ex post facto* violation because, under the clear mandate of the statute enacted prior to his interstate travel, the defendant was required to register upon his arrival in Florida. His failure to do so subjects him to the statute's criminal provisions.

Finally, as an alternative basis for this decision, the court rejects the view that because the defendant traveled in interstate commerce after the statute's effective date but before the Attorney General promulgated an interim regulation on February 28, 2007, he is immune from prosecution. This view places unwarranted emphasis on the date of travel rather than the failure to register. In the court's opinion, it is the *fact* of interstate travel, as opposed to its *date*, that constitutes an element of the crime. Therefore, it is defendant's acts of residing and working in Florida but failing to register – even after the Attorney General's interim regulation – coupled with proof of interstate travel that subject him to criminal liability.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. The defendant's renewed Rule 29 motion for judgment of acquittal is **DENIED**.

2. A judgment of conviction shall enter by separate order of the court.

**DONE and SIGNED** in Chambers at West Palm Beach, Florida this 28th day of March, 2008.

_____
Daniel T.K. Hurley
United States District Judge

cc. Counsel for both parties.